UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAY PRESLEY and TAMMY PRESLEY, Husband and Wife, <br><br> Plaintiffs <br><br> v. <br><br> BOARD OF SCHOOL DIRECTORS OF RANKIN SCHOOL DISTRICT No. 98, an Illinois Local Governmental Entity; STEVEN K. JOHNSON, Superintendent of Rankin Elementary School District No. 98, in His Individual Capacity; DEBBIE LOWMAN, President of the Board, in her Individual Capacity; JULIA NELMS, Secretary of Board, in her Individual Capacity; TIMOTHY GAY Board Member, in his Individual Capacity; LYLE SECREST, Board Member, in his Individual Capacity ; <br><br> Defendants | Case No. 14- <br><br> **JURY DEMAND** |

## COMPLAINT

Now comes the Plaintiffs, Jay Presley and Tammy Presley, by Richard L. Steagall,

and complaining of the Defendants, Board of Education of Rankin School District No.

98, an Illinois Local Governmental Entity, Steven K. Johnson, Superintendent of Rankin

Elementary School District No. 98, in His Individual Capacity, Debbie Lowman,

President of the Board, in her Individual Capacity, Julia Nelms, Secretary of Board, in

her Individual Capacity, Timothy Gay Board Member, in his Individual Capacity and

Lyle Secrest, Board Member, in his Individual Capacity and for their claims for relief:

## I.
## Jurisdiction & Venue

1. Jurisdiction to hear Plaintiffs' claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, under 28 U.S.C. § 1343 (4). Supplemental jurisdiction to hear the state claims arising out the occurrence exists under 28 U.S.C. § 1367 (a).

2. Plaintiffs and defendants are residents of Tazewell County, Illinois and the claim arose in Tazewell County, Illinois. Venue is founded in the Central District of Illinois under 28 U.S.C. § 1391.

3. The occurrences complained of happened on **December 2, 2013**, in the City of Pekin, County of Tazewell, and State of Illinois.

## II.
## The Parties

4. Plaintiff, Jay Presley and Tammy Presley, are husband and wife. Jay Presley is a duly elected and appointed member of the Board of Education of the Rankin School District No. 98 having been elected in the March, 2011 Election and appointed in April, 2011 for a four year term. Tammy Presley was employed as a secretary to the Administration of the School District; Scott King Junior High Principal and Superintendent Steven K. Johnson and their predecessors of the Rankin School District No. 98 for six years starting on May 21, 2007 until the termination of her employment on December 3, 2013.

5. Defendant, Rankin School District No. 98, is an Illinois Local

Governmental Entity organized and existing under the laws of the State of Illinois acting under color of state law. Rankin is sued for the following:

    a. Under Section 1983, for the conduct of its policy making agents, the defendant School Board Members.

    b. Under Section 9-102 of the Illinois Local Governmental Tort Immunity Act for the compensatory damages awarded against its Superintendent and Directors.

6. Defendant Steven K. Johnson, Superintendent of Rankin Elementary School District No. 98, was at all times material the Superintendent of the Rankin School District from the school year of 2009-2010 through the present school year of 2013-2014. Superintendent Johnson is sued in his Individual Capacity.

7. Defendant, Debbie Lowman, President of the Board, was at all times material the duly elected and appointed President of the Board of Education of Rankin School District. She sued in her Individual Capacity.

8. Defendant, Julia Nelms, Secretary of Board, was at all times material the duly elected and appointed Secretary of the Board of Education of Rankin School District. She sued in her Individual Capacity.

9. Defendant, Tim Gay Board Member, was at all times material a duly elected and appointed Member of the Board of Education of Rankin School District. He sued in his Individual Capacity.

10. Defendant, Lyle Secrest, Board Member, was at all times material a duly elected and appointed Member of the Board of Education of Rankin School District. He sued in his Individual Capacity.

## III.
## The Incidents

11.     Tammy Presley had a discussion with a student's parent, Sarah Cummins, in which Cummins told Tammy that she sent an email to School Board President Lowman asking about changes made to the Band Program and asking whether it was going to be extracurricular. Cummins stated she had not received a response. Tammy Presley told Cummins to send her an email, and she would forward it to the School Board. Cummins sent the email on September 6, 2013 to Tammy Presley, who then forwarded it to Board President Lowman.

12.     Tammy had forwarded emails and communications from herself and various parents to Board President Lowman on a number of occasions prior to September 6, 2013. Lowman received the communications and nothing was ever said to Tammy about the chain of command or that there was anything improper about Tammy sending such communications to the Board.

13.     Jay Presley sent Debbie Lowman, President of the Board, a September 16, 2013 email. In that email, he stated his concerns about several matters involving the administration of the School. Before preparing the email, he talked with Debbie Lowman. The email included a list of matters from parents, teachers, staff, other board members, and other Superintendents that Jay had kept which had not been answered. Jay stated his intention was to determine whether policies were being implemented as to how district monies were spent, and, if not, to establish accountability for the failures.

      a.      Carole Delahunt's providing book fee waivers to her great nephews, E.M. and D.M, minors. Tammy had emailed Superintendent Johnson on June 19, 2013 reporting this and no response was ever given.

      b.      Asking if the bookkeeper, Carole Delahunt, was a contract employee.

      c.      The hours Delahunt was keeping; this had been raised by another board member, Tanya Swearingen, at a prior meeting and had not been answered. Superintendent Johnson had stated he would get back to the Board on the subject.

      d.      Ordering of Student Planners for the upcoming School Year. The Superintendent had ordered the wrong planners – high school for third graders – and stated the high school planners were to be used. A teacher, a parent of a student, and Tammy Presley asked the Superintendent and then Board President Lowman about the third grade planners. Lowman telephoned the Superintendent and the Superintendent then directed Tammy to order third grade planners.

14. Superintendent Johnson announced his resignation on September 23, 2013 effective at the end of the 2013-14 School Year. In Johnson's comments after reading his letter of resignation, he stated his belief that either Jay Presley or Tammy Presley should be required to resign their position because there was a conflict between Jay Presley's interest as a Board member and Tammy Presley's interest as a non-union employee of the office staff.

15. The bookkeeper, Carol Delehunt, cornered Tammy Presley in the storage room on September 25, 2013 and in an angry voice told Presley that you do not accuse someone of something without some sort of payback; so be prepared. Tammy asked what it was about and Delehunt refused to respond.

16.     Tammy attempted to report Delehunt's conduct and threat to Superintendent Johnson on September 26, 2013 several times, but Johnson did not respond to Tammy's requests for a meeting. Tammy had prepared a written complaint of Delahunt's conduct to Johnson and left it with him.

17.     On October 4, 2013, Carole Delahunt filed a complaint against Tammy stating Tammy wanted her job and for the report of fee waivers for her great nephews without proper documentation.

18.     On October 23, 2013 a Special Hearing was held before the Board and the Board attorney, Jay Greening.  The Special Hearing was held to review the complaint of Tammy Presley and Carole Delahunt.

19.     The Board issued a November 6, 2013 Letter of Direction directing Tammy to refrain in the future from:

      a.     Unspecified times when Tammy made comments to persons attempting to meet with Carole Delahunt that had the effect of discouraging persons from meeting with Delahunt.

      b.     Allowing personal differences Tammy had with Delahunt that impeded her ability to work with Delahunt.

20.     Jay and three other Board Members, Leonard Kasinger, Tanya Swearingen, and Julia Nelms requested Board President Lowman to re-schedule the October, 2013 Board Meeting because Swearingen had out-patient surgery and the results of the search for a Superintendent for the 2014-2015 School Year.

21.     Lowman refused the Board Members request to re-schedule the meeting. Jay and the other three Board Members did not attend the October, 2013 meeting which

prevented the seven member Board from doing business for lack of a quorum.

22. Superintendent Johnson brought Tammy's conduct in forwarding the September 6, 2013 email that the parent had intended to be sent to Board President Lowman to the November 25, 2013 meeting. The Board members voted to suspend Tammy for five days. Tammy served the five days suspension with no prior notification or write-up on this matter.

23. The Board again addressed the matter of Tammy forwarding the parent email to President Lowman again on December 2, 2013 at Superintendent Johnson's request. Despite its previous decision of a five day suspension, the Board voted to terminate Tammy's employment immediately.

24. On December 2, 2013, Superintendent Johnson recommended to the School Board that Tammy Presley's should be terminated. The Board of Directors for Rankin School District No. 98 held a vote on the matter of Tammy Presley's employment termination, and a majority of the Board members voted to terminate Tammy Presley's employment. Board member Jay Presley abstained from the vote due to his conflict of interest in matters relating to the employment of his wife, Tammy Presley. Board members Debbie Lowman, Julia Nelms, Timothy Gay, and Lyle Secrest voted in favor of terminating Tammy Presley's employment.

25. During her employment, Tammy Presley had forwarded messages to Board members when the person writing the Board made a request for her to forward the message to the Board. Tammy and other school staff had direct communications

with board members. No School District No. 98 employee had ever received a reprimand for sending or forwarding direct communications to the school Board until Tammy Presley's November 25, 2013 suspension and her December 2, 2013 termination.

26. The November 25, 2013 suspension and December 2, 2013 termination of Tammy Presley were reprimands for her conduct that occurred on September 6, 2013 – almost three month prior. No other employee at School District No. 98 received a reprimand for similar conduct regarding communications with the Board, and no other employee had been reprimanded for conduct three months after the conduct occurred.

## IV.
## Plaintiffs' Claims

### A. Constitutional & Statutory Provisions Involved

27. At all times material there was in full force and effect in the United States of America the following provision of the Constitution of the United States and the following statute, which provided:

**Amendment I. Free Speech**

Congress shall pass no law .... abridging freedom of speech ...

**Amendment XIV. Due Process**

... nor shall any State deprive any person of life, liberty, or property, without due process of law...

**Civil Rights Act of 1871, 42 U.S.C. § 1983**

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, a citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

28.    Jay Presley's September 16, 2013 email, as specifically alleged in ¶13, was sent in his capacity as School Board Member for School District No. 98. Jay Presley's email was directed at the administration of School District No. 98 and use of District funds; both are matters of public concern. Jay Presley's September 16, 2013 was speech protected by the First Amendment to the United States Constitution.

29.    Superintendent Steven Johnson's recommendations to the School Board , as specifically alleged in ¶22, 23, & 24, that Tammy Presley should be suspended and later terminated for conduct, (1) occurring almost three months prior in which no verbal or written reprimand was contemporaneously given to Tammy Presley, and (2) in which other employees had engaged in the same or similar conduct, but no employee had ever been reprimanded prior to Tammy Presley's November 25, 2013 & December 2, 2013 reprimands, were motivated by Jay Presley's speech on matters of public concern.

30.    Board Members Debbie Lowman, Julia Nelms, Timothy Gay, and Lyle Secrest, with full knowledge of Jay Presley's speech on matters of public concern, ratified Superintendent Johnson's conduct when they voted to terminate Tammy Presley.  The votes of Lowman, Nelms, Gay, and Secrest in favor of suspending and later terminating Tammy Presley, as specifically alleged in ¶22, 23 & 24, for conduct, (1) occurring almost three months prior in which no verbal or written reprimand was

contemporaneously given to Tammy Presley, and (2) in which other employees had engaged in the same or similar conduct, but no employee had ever been reprimanded prior to Tammy Presley's November 25, 2013 & December 2, 2013 reprimands, were motivated by Jay Presley's speech on matters of public concern.

31. The suspension and later termination of Tammy Presley, as specifically alleged in ¶22, 23, 24, was retaliation against both Jay and Tammy Presley for Jay Presley's speech. Tammy Presley's suspension and termination were adverse actions that would deter an ordinary person from continuing to engage in speech on matters of public concern and in violation of the First Amendment to the United States Constitution.

32. The defendants' conduct, as specifically alleged in ¶11-26, impermissibly infringed upon Jay and Tammy Presley's liberty interest of intimate association in violation of both the First and Fourteenth Amendments to the United States Constitution.

## V.
## Plaintiffs' Damages

33. As a direct and proximate result of the deprivations of Jay Presley's First Amendment right to free speech and his First & Fourteenth Amendment liberty interest of intimate association by defendants, Steven Johnson, Debbie Lowman, Julia Nelms, Timothy Gay, and Lyle Secrest, Jay Presley has in the past and continues to suffer emotional distress.

34. As a direct and proximate result of the deprivation of Jay Presley's First

Amendment right to free speech and the deprivations of both Jay and Tammy Presley's liberty interest of intimate association in violation of the First & Fourteenth Amendments to the United States Constitution by defendants, Steven Johnson, Debbie Lowman, Julia Nelms, Timothy Gay, and Lyle Secrest, Tammy Presley has in the past and continues to suffer emotional distress, and was deprived of her $24,570.00 per year salary and retirement benefits for employment as Administrative Assistant by the Rankin School District No. 98.

35.   Tammy Presley is entitled to an injunction for reinstatement of her employment as Administrative Assistant for the Rankin School District No. 98 for the deprivation her liberty interest of intimate association in violation of the First and Fourteenth Amendments to the United States Constitution.

36.   The conduct of Steven Johnson, Debbie Lowman, Julia Nelms, Timothy Gay, and Lyle Secrest is such that for purposes of punishment and by way of example, Jay Presley and Tammy Presley are entitled to an award of punitive damages against each defendant.

37.   Jay Presley and Tammy Presley have and will incur attorney's fees and expenses in the prosecution of this action which she is entitled to an award as a part of costs as a prevailing plaintiff under 42 U.S.C. §1988.

## VI.
## Prayer for Relief

**WHEREFORE**, Plaintiffs Jay Presley and Tammy Presley prays for judgment in her favor and against the Defendants as follows:

A. Against the Defendants, BOARD OF DIRECTORS FOR RANKIN SCHOOL DISTRICT NO. 98, an Illinois Local Governmental Entity, STEVEN K. JOHNSON, in His Individual Capacity, DEBBIE LOWMAN, in Her Individual Capacity, JULIA NELMS, in Her Individual Capacity, TIMOTHY GAY, in His Individual Capacity, and LYLE SECREST, in His Individual Capacity, jointly and severally in the amount of ONE HUNDRED TWENTY FIVE THOUSAND DOLLARS ($125,000.00).

B. Against the Defendant, STEVEN K. JOHNSON, in His Individual Capacity, in the amount of FIFTY THOUSAND DOLLARS ($50,000.00) punitive damages.

C. An injunction against Defendant, BOARD OF DIRECTORS FOR RANKIN SCHOOL DISTRICT NO. 98, an Illinois Local Governmental Entity, directing reinstatement of the Tammy to her employment position as Administrative Assistant for the Rankin Middle School forthwith and backpay and benefits from the last day of payment.

D. An award of attorney's fees and expenses incurred by the Plaintiff in prosecuting this action as a part of costs under 42 U.S.C. § 1988.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

      Respectfully submitted,

      s/Richard L. Steagall
      RICHARD L. STEAGALL

RICHARD L. STEAGALL
RYAN S. McCRACKEN
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602
Tel: (309) 674-6085
Fax: (309) 674-6032
nicsteag@mtco.com