E-FILED
Tuesday, 15 April, 2014 03:55:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JAY PRESLEY and TAMMY PRESLEY, Husband and Wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14-cv-1055 |
| BOARD OF SCHOOL DIRECTORS OF RANKIN SCHOOL DISTRICT No. 98, an Illinois Local Governmental Entity; STEVEN K. JOHNSON, Superintendent of Rankin Elementary School District No. 98, in his Individual Capacity; DEBBIE LOWMAN, President of the Board, in her Individual Capacity; JULIA NELMS; Secretary of the Board, in her Individual Capacity; TIMOTHY GAY, Board Member, in his Individual Capacity; and LYLE SECREST, Board Member, in his Individual Capacity; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

**OPINION**

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion for More Definite Statement and Brief in Support (d/e 5) (Motion). For the reasons set forth below, the Motion is DENIED.

## STATEMENT OF FACTS

The Plaintiffs allege that Plaintiff Jay Presley was a duly elected and appointed member of the Board of School Directors (Board) of Defendant Rankin School District No. 98 ("District"), and his wife, Plaintiff Tammy Presley, was a secretary to the Administration of the District, a junior high school principal, and Defendant Steven K. Johnson. Johnson was Superintendent of the District. The other individual Defendants, Debbie Lowman, Julia Nelms, Timothy Gay, and Lyle Secrest were all members of the Board; Lowman was also President of the Board, and Nelms was also Secretary of the Board. Each individual Defendant is sued in his or her individual capacity. Complaint (d/e 1), ¶¶ 4-10.

The Plaintiffs sue the District for the following:

> Defendant, Rankin School District No. 98, is an Illinois Local Governmental Entity organized and existing under the laws of the State of Illinois acting under color of state law. Rankin is sued for the following:
>
> a. Under Section 1983, for the conduct of its policy making agents, the defendant School Board Members.
>
> b. Under Section 9-102 of the Illinois Local Governmental Tort Immunity Act for the compensatory damages awarded against its Superintendent and Directors.

Complaint, ¶ 5.

The Plaintiffs allege that on September 16, 2013, Jay Presley sent an email to Lowman about "several matters involving the administration of the School." Complaint, ¶ 13. Jay Presley had spoken to Lowman about these matters before sending the email. The Plaintiffs allege,

> The email included a list of matters from parents, teachers, staff, other board members, and other Superintendents that Jay had kept which had not been answered. Jay stated his intention was to determine whether policies were being implemented as to how district monies were spent, and, if not, to establish accountability for the failures.

Id. The Plaintiffs allege that Jay Presley's email was sent in his capacity as a member of the Board and was concerning matters of public concern. Complaint, ¶ 28.

On November 25, 2013, the Board suspended Tammy Presley, and on December 2, 2013, the Board fired Tammy Presley. Defendant Superintendent Johnson raised the matter before the Board that led to the suspension, and recommended the firing. The other individual Defendants all voted in favor of the firing. Complaint, ¶¶ 22-24. The Plaintiffs allege that the Defendants suspended and fired Tammy Presley in retaliation for Jay Presley speaking out about matters of public concern in the September 16, 2013, email and in his conversations with Lowman about the same. Complaint, ¶¶ 29-31. The Plaintiffs further allege that the Individual Defendants "impermissibly infringed upon Jay and Tammy Presley's liberty

interest of intimate association in violation of both the First and Fourteenth Amendments to the United States Constitution." Complaint, ¶ 32.

Based on these allegations, the Plaintiffs bring claims under 42 U.S.C. §§ 1983 and 1988, and § 9-102 of the Illinois Local Government Tort Immunity Act 745 ILCS 10/9-102 (Tort Immunity Act).  The Defendants pray for damages and attorney fees against all Defendants, and for an injunction against the District to reinstate Tammy Presley to her position as secretary.  Complaint, at 11-12, Prayer for Relief.

## ANALYSIS

The Defendants move for a more definite statement.  The Defendants argue that the Complaint contains no factual allegations against the District and no allegations of any violation of the Tort Immunity Act.  The Defendants also argue that the Complaint contains no factual allegations of any violation of the civil rights of either Plaintiff.  The Defendants complain that the allegations are too vague to allow a response.  They move to require the Plaintiffs to provide a more definite statement or to replead the Complaint.

Motions for more definite statement are disfavored.  Such motions are granted only when the complaint is so vague that a party cannot respond to it. See Fed. R. Civ. P. 12(e); Harper v. City of Murphysboro, Ill.,

2008 WL 2782837, at *1 (S.D. Ill. July 15, 2008); Moore v. Fidelity Financial Services, Inc., 869 F.Supp. 557, 559-60 (N.D. Ill. 1994).  After careful review of the Complaint, the Court finds that the Complaint is not sufficiently vague to require a more definite statement.  The Defendants can respond with either a motion to dismiss for failure to state a claim or an answer.

The Complaint alleges interference with the Plaintiffs' intimate association with each other as husband and wife.  The right to intimate association is analyzed as a liberty interest under the due process clause. Christensen v. County of Boone, Ill., 483 F.3d 454 (7th Cir. 2007); Null v. Gardner, 2009 WL 2928144 (C.D. Ill. September 9, 2009).[1]  The right to due process is violated when a state actor abuses his office to directly and substantially interfere with a liberty interest, and the nature of the interference "shocks the conscience."  Christensen, 483 F.3d at 464; see Chavez v. Martinez, 538 U.S. 760, 774 (2003); County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998); Rochin v. California, 342 U.S. 165, 209

---

[1] Plaintiffs cite persuasive authority from other Circuits that analyze the issue under the First Amendment right of freedom of association.  Plaintiffs' Response to Defendants' Motion for More Definite Statement (d/e 7) (Response), at 3 (citing Adkins v. Board of Educ. of Magoffin County, Ky., 982 F.2d 952, 955-56 (6th Cir. 1993)).  This Court must follow the controlling authority of the Seventh Circuit set forth in Christensen, and so, declines to follow such persuasive authority.  The Court also notes that the Eleventh Circuit has held in a different context that a plaintiff must show a direct and substantial interference with the liberty interest under either a First Amendment or Due Process analysis.  See Parks v. City of Warner Robins, Ga., 43 F.3d 609, 615 (11th Cir. 1995) (case involved a challenge to an official written policy rather than a claim of abuse of office).

(1952). In this case, the Defendants can evaluate the allegations in the Complaint in light of the applicable law and respond with either a motion to dismiss or an answer.

The Plaintiffs also allege that the Individual Defendants suspended and fired Tammy Presley to retaliate against Jay Presley for exercising his First Amendments Rights to speak on a matter of public concern. The First Amendment protects a public employee from unjustified disparate treatment for speaking as a citizen on a matter of public concern. E.g., Garcetti v. Ceballos, 547 U.S. 410, 417-20 (2006); see Chrzanowski v. Bianchi, 725 F.3d 734, 737 (7th Cir. 2013). The Defendants can, again, evaluate the allegations in the Complaint in light of the applicable law and respond with either a motion to dismiss or an answer.

The allegations against the District are less clear than those against the individual Defendants. The Plaintiffs allege that the District is liable for the acts of its "policy making agents." Complaint, ¶ 5(a). A municipality is not liable under § 1983 under a theory of respondeat superior. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). A municipality, however, may be directly liable in certain limited situations in which the wrongful conduct can be attributed to an official municipal policy or custom. Wragg v. Village of Thornton, 604 F.3d 464,

467 (7th Cir. 2010). Such direct liability under § 1983 may arise when the person with final policymaking authority caused the wrongful conduct. See e.g., Palka v. City of Chicago, 662 F.3d 428, 434 (7th Cir. 2011). The reference to "policy making agents" in paragraph 5(a) of the Complaint appears to be a reference to this theory. The Defendants are correct, though, that the Complaint contains no factual allegations regarding this theory of liability. The Defendants have enough information, however, to respond with either a motion to dismiss or an answer.

The Plaintiffs also allege that the District is liable under § 9-102 of the Tort Immunity Act. Complaint, ¶ 5(b). Section 9-102 provides, in part, "A local public entity is empowered and directed to pay any tort judgment . . . for compensatory damages . . . for which it or an employee which acting within the scope of his employment is liable . . . ." The Plaintiffs state that the District is named for the purpose of indemnity under § 9-102. Response, at 3.

A municipality in Illinois is sometimes a necessary party for indemnity. A county in Illinois must be named as a necessary party in an action against an independently elected county officer who is being sued in his official capacity. Carver v. Sheriff of LaSalle County, Ill., 324 F.3d 947, 948 (7th Cir. 2003). On the other hand, a county was not a necessary party for

indemnity in an action brought against a deputy sheriff in his individual capacity. Askew v. Sheriff of Cook County, Illinois, 568 F.3d 632, 637-37 (7th Cir. 2009); see also Stone v. Pepmeyer, 2011 WL 1627076, at *2-*3 (C.D. Ill. April 28, 2011). In this case, the Defendant Board members are elected officials, but the Plaintiffs are suing them in their individual capacities. Defendant Johnson is appointed as Superintendent and is being sued in his individual capacity. The Complaint provides enough information to allow the Defendants to analyze the legal issues involved and respond to this aspect of the Complaint with either a motion to dismiss or an answer.

The Plaintiffs also seek injunctive relief against the District in the form of reinstatement of Tammy Presley to her position. The Court agrees with the Defendants that the factual basis for a claim against the District for injunctive relief is less than clear. Even so, the Defendants can still respond even to this portion of the prayer for relief with a motion to dismiss or an answer.

The Court determines that this case will proceed more expeditiously if the Defendants respond to the Complaint with either a motion to dismiss for failure to state a claim or an answer. Directing the Plaintiffs to replead or file a more definite statement will only delay matters.

THEREFORE, Defendants' Motion for More Definite Statement and Brief in Support (d/e 5) is DENIED. Defendants are directed to respond to the Complaint by May 9, 2014.

ENTER: April 15, 2014

<u>*s/ Tom Schanzle-Haskins*</u>
UNITED STATES MAGISTRATE JUDGE
